UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MICHAEL A. ROBERTSON**<br>    **LA. DOC #126184**<br>**VS.** | **CIVIL ACTION NO. 09-0666**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **WANDA NOLAN, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Michael A. Robertson, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 16, 2009. In due course service of process was ordered and plaintiff was directed to furnish the appropriate service documents to the Clerk of Court. [Doc. 11] Plaintiff requested and was granted an extension to January 4, 2010. [Docs. 12 and 13] Plaintiff did not comply with the order within the deadline established by that order and so on February 4, 2010, he was notified that his complaint would be dismissed with prejudice if he did not demonstrate good cause for his failure to comply with the original order and if he failed to return the required service documents to the Clerk of Court within 30 days of February 4, 2010. [Doc. 14] The Notice was mailed to plaintiff at the last address he supplied and on February 16, 2010, the United States Postal Service returned the Notice with the following notations on the envelope, "Return to sender attempted not known unable to forward" and "inmate no longer at this facility." [Doc. 15]

### *Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v.*

*Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[ ]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the clerk of court's correspondence was returned indicating that plaintiff is no longer at the address he originally provided. More than 60 days have elapsed since plaintiff was provided an extension of time to submit service documents to the Clerk of Court and still, he has not complied.

To the extent that the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to

the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored court-ordered deadlines and has failed to keep the court apprised of his change of address. Furthermore, plaintiff is proceeding in forma pauperis and only recently has been released from prison. Therefore, it is unlikely that he enjoys sufficient means to fund a lesser, monetary sanction. Moreover, even if a lesser sanction were available, the court has no means to effect it, because plaintiff has not deigned to provide the court with his updated contact information. Finally, plaintiff's continued flaunting of local rules and court-ordered deadlines reflects his own contumaciouness or "stubborn resistance to authority"[1] which is personally attributable to him as a pro se litigant.

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by**

---

[1] *See Millan, supra*.

**Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Monroe, Louisiana, this 18th day March 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE